MANION, Circuit Judge,
concurring.
The district court ruled that the power adapter was not “unreasonably dangerous” under the risk-utility test, and as the court correctly concludes, the risk-utility test “trumps” the consumer-expectation test when the two tests yield conflicting results. See Mikolajczyk v. Ford Motor Co., 231 Ill.2d 516, 327 Ill.Dec. 1, 901 N.E.2d 329, 349-53 (2008). Because Ferraro did not appeal the district court’s ruling on the risk-utility test, I agree with the court that we should affirm.
While I agree with the court’s decision to affirm, I am not inclined to join with the court’s discussion of the consumer-expectation test. Rather, I think that the district court correctly analyzed this issue. Under the consumer-expectation test, we examine whether the product “failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.” Lamkin v. Towner, 138 Ill.2d 510, 150 Ill.Dec. 562, 563 N.E.2d 449, 457 (1990). Ordinary consumers know that power adapters can become hot (including when laptops are used in beds and other comfortable places). Indeed, this common knowledge was demonstrated by Ferraro’s daughter, who testified that her mother knew that power adapters can become hot. If HP’s power adapter could become so hot that it would quickly cause a user to react and withdraw, a jury would likely be entitled to decide whether the power adapter is “unreasonably dangerous.” But the power adapter in this case merely “performs as safely as an ordinary consumer would expect.” Therefore, given the unusual circumstances that caused the injury in this case, a reasonable jury could not find that the power adapter is “unreasonably dangerous.”